# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WATKINS, | Case No. 1:18-cv-00876-EPG-HC |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| TUOLUMNE COUNTY SUPERIOR COURT, | |
| Respondent. | |

Petitioner Raymond Watkins is a state pretrial detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently confined at the Tuolumne County jail. (ECF No. 1 at 1).[1] In the instant federal habeas petition, Petitioner alleges judicial misconduct, prosecutorial misconduct, inaccurate state records, and ineffective assistance of counsel. Petitioner also appears to challenge the state court's competency proceedings. (Id. at 3–9).

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1

1 to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution absent special or extraordinary circumstances. 401 U.S. at 45. The Ninth Circuit has held that the "logical implication" of Younger "is that abstention principles likewise prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention." Brown v. Ahern, 676 F.3d 899, 901 (9th Cir. 2012) (citing Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980)). Extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or situations "where irreparable injury can be shown." Brown, 676 F.3d at 903 (internal quotation marks omitted) (quoting Carden, 626 F.2d at 84). However, "abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution." Brown, 676 F.3d at 903.

Here, Petitioner is a pretrial detainee and it appears there is a pending state criminal proceeding. The Ninth Circuit has interpreted Younger to mean that "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until *after the jury comes in, judgment has been appealed from and the case concluded in the state courts*." Drury v. Cox, 457 F.2d 764, 764–65 (9th Cir. 1972) (emphasis added).

Accordingly, the Court HEREBY ORDERS Petitioner to SHOW CAUSE why the petition should not be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971), within **THIRTY (30) days** of the date of service of this order.

///
///
///
///

2

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **July 10, 2018**　　　　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE