# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WATKINS, | Case No. 1:18-cv-00876-EPG-HC |
| Petitioner, | ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL |
| v. | |
| TUOLUMNE COUNTY SUPERIOR COURT, | (ECF No. 15) |
| Respondent. | |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 19, 2018, the Court received Petitioner's second request for appointment of counsel. (ECF No. 15).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.[1] To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the

---

[1] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1

ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Upon review of the petition and Petitioner's numerous submissions to the Court, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. As it appears that abstention pursuant to Younger v. Harris, 401 U.S. 37 (1971), may be required, Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

If, upon review of Petitioner's response to the Court's order to show cause, the Court finds that the legal issues are more complex than they appear currently, the Court will revisit Petitioner's request for counsel. Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel (ECF No. 15) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **July 27, 2018**

/s/ *Erin P. Grosj*
UNITED STATES MAGISTRATE JUDGE