# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WATKINS,<br><br>    Petitioner,<br><br>    v.<br><br>TUOLUMNE COUNTY SUPERIOR COURT,[1]<br><br>    Respondent. | Case No. 1:18-cv-00876-AWI-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |

    Petitioner Raymond Watkins is a state pretrial detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Therein, Petitioner alleges judicial misconduct, prosecutorial misconduct, inaccurate state records, and ineffective assistance of counsel. Petitioner also appears to challenge the state court's competency proceedings.

    Petitioner is currently involved in criminal proceedings in the Tuolumne County Superior Court. Petitioner has not yet been convicted of any offense, and he has not gone through any appeals. Based on abstention and exhaustion principles, the Court declines to intervene in the state proceedings and recommends dismissal of the petition without prejudice.

---

[1] The Court notes that Petitioner has not named a proper Respondent, such as the warden of the facility in which he is held. See Rule 2(a) of the Rules Governing Section 2254 Cases; Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996). While the Court would generally give Petitioner an opportunity to amend the name of Respondent, amendment is futile because the undersigned recommends that the petition be dismissed for nonexhaustion and abstention.

# I.

# BACKGROUND

Petitioner is currently confined at the Tuolumne County jail. (ECF No. 1 at 1).[2] On June 26, 2018, Petitioner filed the instant federal habeas petition, wherein Petitioner alleges judicial misconduct, prosecutorial misconduct, inaccurate state records, and ineffective assistance of counsel. Petitioner also appears to challenge the state court's competency proceedings. (Id. at 3–9). On July 10, 2018, the undersigned ordered Petitioner to show cause why the petition should not be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971). (ECF No. 4). To date, Petitioner has filed more than twenty-five documents with the Court. (ECF Nos. 5–12, 15–17, 19–36).

# II.

# DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[3] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."

**A. Abstention**

In Younger v. Harris, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution absent special or extraordinary circumstances. 401 U.S. at 45. The Ninth Circuit has held that the "logical implication" of Younger "is that abstention principles likewise prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention." Brown v. Ahern, 676 F.3d 899, 901 (9th Cir. 2012) (citing Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980)). Extraordinary circumstances include "cases of

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.
[3] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or situations "where irreparable injury can be shown." Brown, 676 F.3d at 903 (internal quotation marks omitted) (quoting Carden, 626 F.2d at 84). The Ninth Circuit has interpreted Younger to mean that "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764–65 (9th Cir. 1972).

On July 26, 2018, the Court received a statement of fact, which appears to be Petitioner's response to the order to show cause. (ECF No. 24). Petitioner states that he was arrested on September 29, 2016, and then "illegally" transferred to the Stanislaus County jail on October 31, 2016, and "rebooked . . . there." (ECF No. 24 at 1). Petitioner "believe[s] this rebooking was to create a new DA case # and therefore a new case." (Id.). On November 14, 2016, Petitioner was released on bail. At the time Petitioner was released on bail, his charges included violations of California Penal Code sections 148, 273.5, and 591. (ECF No. 24 at 1–2). When Petitioner was "rebooked" on March 7, 2018, Petitioner called the bail bond company and "was told that the charges that [Petitioner] bailed out on were dropped." However, as of July 6, 2018, the charges "are now valid again." (Id. at 2). Petitioner focuses on his difficulty in obtaining discovery and states that he "believe[s] [he] can prove harassment by the original charges being dropped and new charges being picked back up." (ECF No. 24 at 3). Petitioner contends that this shows that the original charges were undertaken without hope of gaining a valid conviction. In his other submissions to the Court, Petitioner makes general allegations of corrupt public officials, judicial misconduct, prosecutorial misconduct, inaccurate state records, ineffective assistance of counsel, inability to speak with defense counsel, and access to courts. Petitioner appears to challenge the state court's competency proceedings. Petitioner also complains of various conditions of his confinement and issues with the bail bond company.

Based on the foregoing, Petitioner has not made any showing of extraordinary circumstances that would render abstention inappropriate. The fact that Petitioner's original charges were dropped and a superseding charging document was filed does not demonstrate

proven harassment or that the prosecution was undertaken in bad faith without hope of obtaining a valid conviction. See Brown, 676 F.3d at 903. Additionally, Petitioner fails to establish that he does not have an opportunity to raise his federal constitutional claims in the state criminal proceedings. See Penzoil Co. v. Texaco, 481 U.S. 1, 15 (1987) (holding that federal courts should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"); Moore v. Sims, 442 U.S. 415, 425 (1979) (quoting Juidice v. Vail, 430 U.S. 327, 337 (1977)) ("[I]n the abstention context, the federal court should not exert jurisdiction if the plaintiffs 'had an *opportunity* to present their federal claims in the state proceedings.'"). Accordingly, as the instant petition challenges Petitioner's ongoing criminal proceeding in state court, the Court should abstain from interfering with the state judicial process, and the petition should be dismissed.

**B. Exhaustion**

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citing Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006)). The exhaustion requirement is subject to waiver in § 2241 proceedings if pursuing available remedies would be futile. Ward, 678 F.3d at 1045. Here, there is no indication that Petitioner has pursued his claims in the state court of appeal or in the California Supreme Court. It appears from the face of the petition that Petitioner has failed to exhaust his state court remedies, and Petitioner has not established that exhaustion would be futile. Therefore, the petition should be dismissed.

**III.**

**RECOMMENDATION**

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED without prejudice; and
2. All pending motions be DENIED as MOOT.

///

4

1 | This Findings and Recommendation is submitted to the United States District Court
2 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304
3 | of the Local Rules of Practice for the United States District Court, Eastern District of California.
4 | Within **thirty (30) days** after service of the Findings and Recommendation, Petitioner may file
5 | written objections with the court and serve a copy on all parties. Such a document should be
6 | captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned
7 | United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28
8 | U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified
9 | time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d
10 | 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 11, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

5